**WESTCHESTER COUNTY CORRECTION OFFICERS BENEVOLENT ASSOCIATION INC., et al., Plaintiffs–Appellees,**

v.

**The COUNTY OF WESTCHESTER, Defendant–Appellant.**

No. 00–7663.

United States Court of Appeals, Second Circuit.

Jan. 16, 2001.

Linda M. Trentacoste, Senior Assistant Westchester County Attorney, White Plains, NY, for appellant.

Robert David Goodstein, New Rochelle, NY, for appellees.

Present FEINBERG, SOTOMAYOR, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York (Barrington D. Parker, Jr., Judge), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is VACATED AND REMANDED.

Defendant-appellant The County of Westchester (the "County") appeals from a May 10, 2000 judgment of the United States District Court for the Southern District of New York (Barrington D. Parker, Jr., Judge) granting the motion for attorneys' fees under 42 U.S.C. § 1988 by plaintiffs-appellees Westchester County Correction Officers Benevolent Association Inc. ("COBA") and 163 individual correction officers employed by the County (collectively, "plaintiffs"), and awarding them $16,000 in attorneys' fees (calculated using a multiplier of two) and $594 in costs.

In or about 1991, the County and COBA executed a collective bargaining agreement (the "Agreement"). Among other things, the Agreement specifies the amount of leave time to which each member of COBA is entitled. The Agreement also establishes a three-step grievance procedure for "any claimed violation, misinterpretation or inequitable application of the Agreement."

On or about June 2, 1998, the County audited the attendance records of its correction officers and found numerous instances in which officers' leave balances had not been adjusted to reflect days they were out on leave. In late July 1998, the County accordingly advised the officers in writing that the discrepancies in their leave balances would be corrected. The letters offered each affected officer an opportunity to respond in writing if he or she believed that the County's information was incorrect. No such response was ever sent, nor did any officer initiate grievance proceedings on the matter.

Instead, on August 4, 1998, plaintiffs filed suit under 42 U.S.C. § 1983 claiming that the County's actions violated the officers' due process rights. They sought either (1) a permanent injunction preventing the County from adjusting leave balances or (2) due process hearings concerning the decision to make these adjustments by a particular date. They also sought attorneys' fees pursuant to 42 U.S.C. § 1988. By letter dated August 27, 1998, the County informed plaintiffs that due process hearings in connection with their claims would be held in September 1998. On October 2, 1998, the district court dismissed the action as moot because the County had scheduled these hearings and directed the parties to brief the issue of whether COBA was a prevailing party.

On July 6, 1999, the district court granted plaintiffs' motion for attorneys' fees, having determined that plaintiffs were "prevailing parties" entitled to fees under 42 U.S.C. § 1988. On July 28, 1999, plaintiffs moved for a specific award of attorneys' fees in the amount of $10,200 and for

costs of $195. On August 6, 1999, the County appealed the district court's July 6, 1999 order. On February 18, 2000, this Court dismissed the County's appeal for lack of jurisdiction on the ground that the district court had not yet fixed the amount of fees. *Westchester County Correction Officers Benev. Ass'n, Inc. v. County of Westchester*, 205 F.3d 1327, 2000 WL 232183 (2d Cir. Feb. 18, 2000). In its final judgment of May 10, 2000, the district court awarded plaintiffs attorneys' fees in the amount of $16,000, which amount was calculated using a multiplier of two times the lodestar amount. The County filed a timely notice of appeal on May 23, 2000.

■ We review a district court's award of Section 1988 attorneys' fees for abuse of discretion. A district court abuses its discretion in this regard only if it bases "its ruling on an erroneous view of the law or on a clearly erroneous assessment of the record." *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 757 (2d Cir.1998).

■ Generally, "[a] plaintiff 'prevails' [and thus is entitled to attorneys' fees under Section 1988] when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). "Victory can be achieved well short of a final judgment (or its equivalent): 'if the defendant, under pressure of the lawsuit, alters his conduct (or threatened conduct) towards the plaintiff that was the basis for the suit, the plaintiff will have prevailed.'" *Marbley v. Bane*, 57 F.3d 224, 234 (2d Cir.1995) (quoting *Hewitt v. Helms*, 482 U.S. 755, 761, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987)). In such circumstances, however, "there must be a causal connection; that is, the lawsuit must be 'a catalytic, necessary, or substantial factor in attain-

ing the relief.'" *Id.* (quoting *Koster v. Perales*, 903 F.2d 131, 135 (2d Cir.1990) (internal quotation marks omitted)). "Implicit in th[is] 'catalyst' theory of attorney's fees is the notion that, had the litigation proceeded to a final judgment, judgment could have been for the plaintiff and that this prospect brought about a result the plaintiff sought." *Id.* at 235. In other words, "frivolous, unreasonable or groundless" claims cannot qualify as catalytic factors. *Koster*, 903 F.2d at 136 (internal quotation marks omitted). Finally, "[b]ecause this inquiry is primarily a factual matter, the district court's findings with respect to causation will not be disturbed unless they are clearly erroneous." *Id.* at 135.

Applying the catalyst theory, the district court found that plaintiffs were a prevailing party. In this regard, the district court noted that just two weeks after COBA filed its complaint seeking either a permanent injunction or due process hearings, the County informed COBA that it would provide such hearings. The court found that "[e]ven if such hearings could not ultimately have been required—an issue this Court does not reach—the County's concession changed the legal relationship between the parties and afforded plaintiffs the relief they sought in their complaint.... Thus, whether the hearings were gratuitous or compelled by law, the plaintiffs' suit was 'a catalytic, necessary, or substantial factor in attaining the relief.'"

■ The district court's statement that a lawsuit that occasions a purely "gratuitous" response by the defendant can nonetheless qualify as a catalytic factor strongly suggests that the district court employed an erroneous view of the law and thus abused its discretion. As noted, in *Marbley*, we stated that "[i]mplicit in the 'catalyst' theory of attorney's fees is

the notion that, had the litigation proceeded to a final judgment, judgment could have been for the plaintiff and that this prospect brought about a result the plaintiff sought." *Marbley,* 57 F.3d at 235. This statement appeared in the context of the following discussion of the Seventh Circuit's version of the catalyst theory:

> The Seventh Circuit requires (as its second prong) "that the defendant must not have acted wholly gratuitously, i.e., the plaintiffs' claims, if pressed, cannot have been frivolous, unreasonable, or groundless." We agree that nuisance claims and strike suits do not justify attorney's fees, although we consider that this concept is an aspect of causation. Implicit in the "catalyst" theory of attorney's fees is the notion that, had the litigation proceeded to a final judgment, judgment could have been for the plaintiff and that this prospect brought about a result the plaintiff sought.

*Id.* (internal citation omitted). Thus, if a plaintiff's claims are frivolous, unreasonable or groundless such that the defendant's response thereto is wholly gratuitous, the lawsuit cannot qualify as a catalytic factor in bringing about that response. In stating that such a gratuitous response can qualify as a catalytic factor, the district court thus failed to apply the established law of this Circuit.

Consequently, we are compelled to vacate the district court's judgment and remand with instructions that the district court determine whether, "had the litigation proceeded to a final judgment, judgment could have been had for [plaintiffs]." *Id.* In making this determination, the district court should give due consideration to the fact that plaintiffs' filed their Section 1983 suit without first having pursued their claim through the three-step grievance procedure provided for in the collective bargaining agreement. Finally, even

if the district court determines on remand that plaintiffs' claim is not frivolous, unreasonable, or groundless, the district court may wish to consider revisiting its decision to apply a multiplier of two in calculating the award. If the district court decides to apply a multiplier, the propriety of its application should be justified by "detailed findings supported by specific evidence in the record." *In re Bolar Pharms. Co. Sec. Litig.,* 966 F.2d 731, 732 (2d Cir.1992) (per curiam) (internal quotation marks omitted).

For the reasons discussed, we vacate the judgment of the district court in its entirety and remand for further proceedings consistent herewith.